UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Patrick Jordan, | ) |
|     Plaintiff, | ) Civil Action No. 9:05-0369-SB |
| -vs- | ) **O R D E R** |
| Candler Hospital, Inc., | ) |
|     Defendant. | ) |



## INTRODUCTION

This matter is before the Court on the Defendant's Motion to Dismiss, in which the Defendant claims this Court lacks subject matter jurisdiction with respect to the allegations set forth in the Complaint. The basis for the Defendant's contention is that a forum selection clause included in the employment agreement at issue places jurisdiction elsewhere; therefore, the sole issue before this Court is whether it has subject matter jurisdiction over this civil action.

The Complaint was originally filed in South Carolina state court on December 30, 2004. The Defendant subsequently removed the action to this Court by filing its Notice of Removal on February 8, 2005. The Defendant is a corporation "organized and existing under the laws of the State of Georgia."[1] The Plaintiff is an individual residing in Beaufort County, South Carolina, who worked for the Defendant as a family and urgent care physician at its Bluffton Practice Site from March 10, 2001, or thereabout, until the events giving rise to these proceedings occurred. Before the

---

[1] Defendant's Brief in Support of Motion to Dismiss, p. 1.

Plaintiff began his term of employment with the Defendant, the parties entered into a contract entitled "Employment Agreement between Candler Hospital, Inc., and Patrick Jordan, M.D." (hereinafter referred to as the Agreement) on April 23, 2001. The Agreement provides, in relevant part, as follows:

> This Agreement is a Georgia contract and shall be interpreted, construed and governed by and in accordance with the laws of the State of Georgia. Each of the parties does hereby consent and agree that jurisdiction and venue of any action or proceeding in connection with the enforcement of, or the resolution of any dispute in connection with, this Agreement shall lie exclusively with the Superior Court of Chatham County, Georgia or the State Court of Chatham County, Georgia.

In arguing that this Court lacks subject matter jurisdiction, the Defendant relies on the language of this Agreement. Although the parties utilize different case law in their filings, both heavily rely on South Carolina law to bolster their positions.

## DISCUSSION

### *Nature of the Defendant's Motion*



Though titled a "Motion to Dismiss," the Defendant's motion should be considered as a motion "to specifically enforce" the forum selection clause. Atl. Floor Servs. v. Wal-Mart Stores, Inc., 334 F. Supp. 2d 875, 877 (D.S.C. 2004) (quoting Ins. Prods. Mktg., Inc. v. Indianapolis Life Ins. Co., 176 F. Supp. 2d 544, 547 (D.S.C. 2001)). This is so because when a defendant relies on a forum selection clause for such a motion, that defendant contends the clause rests jurisdiction in another court. Consequently, the defendant in that situation asks the court to dismiss the case so that the import of that clause may be given effect. See id.

*Reasonableness of the Forum Selection Clause*

When determining whether to enforce a forum selection clause, courts have utilized a standard based primarily on reasonableness. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); Republic Leasing Co. v. Haywood, 495 S.E.2d 804, 806 (S.C. Ct. App. 1998), vacated,[2] 516 S.E.2d 441 (S.C. 1999); Atl. Floor Servs., 334 F. Supp. 2d at 877. More specifically, courts have held that "[f]orum selection clauses are 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" Atl. Floor Servs., 334 F. Supp. 2d at 877 (quoting M/S Bremen, 407 U.S. at 10) (internal quotation marks omitted). In determining the reasonableness of the forum selection clause at issue, this Court will take direction from other courts and will utilize a disjunctive, four-part test which states that forum selection clauses may be considered unreasonable if

> (1) their formation was induced by fraud or overreaching; (2) the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.



Id.; Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (citing M/S Bremen, 407 U.S. at 18) (internal quotation marks omitted).

---

[2] The Supreme Court of South Carolina vacated the Republic Leasing opinion because the controversy, which was a consolidation of three cases, ended in settlement at various times.

– *Fraud or Overreaching*

Courts have declined to make a finding of fraud or overreaching where the plaintiff merely "emphasizes that 'no negotiations,' 'no bargaining,' and 'no discussions' took place over [ ] the forum-selection clause. . . ." Republic Mortg. Ins. Co. v. Brightware, Inc., 35 F. Supp. 2d 482, 484 (M.D.N.C. 1999). In that case, the court held that a plaintiff cannot "avoid a provision of a freely-entered contract because it did not consider the provision carefully at the time the Agreements were negotiated." Id. Conversely, courts have indicated that "unequal bargaining power" among the parties to an agreement may render that agreement unenforceable. Scott v. Guardsmark Sec., 874 F. Supp. 117, 120 (D.S.C. 1995). See also Bryant Electric Co. v. Fredericksburg, 762 F.2d 1192, 1197 (4th Cir. 1985). Additionally, courts have indicated that contract provisions written "in fine print or hidden in a mass of unrelated verbiage" could be evidence of fraud or overreaching. Bense v. Interstate Battery System, Inc., 683 F.2d 718, 722 (2d Cir. 1982); Lesavoy v. Lane, 304 F. Supp. 2d 520, 538 (S.D.N.Y. 2004); Tel-Com Mgmt., Inc. v. Waveland Resort Inns, Inc., 782 So. 2d 149, 153 (Miss. 2001).



Here, the parties signed a contract consisting of twenty-one "easily readable pages," none of which were in fine print, and neither party has claimed that fraud or overreaching occurred during the formation of the Agreement, Bense, 683 F.2d 718, 722, see also Allen, 94 F.3d at 928, and no fraud or overreaching has been discovered by this Court or claimed by the parties with respect to the formation of the Agreement.

4

– *Inconvenience or Unfairness of the Selected Forum*

In order to demonstrate that a party will be deprived of his day in court, he must present evidence of something more severe than slight inconvenience. In fact, "[t]here is a 'heavy burden of proof [ ] required to set aside [a forum selection] clause on grounds of inconvenience.'" Atl. Floor Servs., 334 F. Supp. 2d at 878 (quoting Carnival Cruise Lines v. Shute, 499 U.S. 585, 595 (1991)). In this case, not one of the Plaintiff's filings, including the Return to Motion to Dismiss, makes reference to any circumstances of inconvenience or unfairness that would result in a deprivation of the Plaintiff's day in court if the forum selection clause were enforced. Geographically, the Defendant notes that Chatham County, Georgia is "barely an hour's drive from Beaufort, S.C., where [the Plaintiff] filed the state court action."[3] Although the Plaintiff would be required to travel interstate a short distance and may be inconvenienced by the commute associated with a trial, it can be reasonably said that the forum is essentially a "local" one, and practical inconveniences of the distance would not deprive the Plaintiff of his day in court. If there are other circumstances not discussed herein that would deprive the Plaintiff his day in court, they have not been made known to this Court by either party nor has the Court found any in the record.

– *Georgia Law as the Chosen Law*

For the purposes of this part of the test for reasonableness, it has been held that "we will declare unenforceable [forum selection] clauses only when the

---

[3] Defendant's Brief in Support of Motion to Dismiss, p. 4.

remedies available in the chosen forum are so inadequate that enforcement would be fundamentally unfair." Lipcon v. Underwriters at Lloyd's, 148 F.3d 1285, 1297 (11th Cir. 1998)) (citing Carnival Cruise Lines, Inc., 499 U.S. at 595.[4] Thus, an analysis of the Plaintiff's potential remedies under Georgia law is necessary.

The Agreement specifically states that Georgia law would be utilized if litigation or other reasons for interpretation should arise. The Plaintiff contends in his Return to Motion to Dismiss that he has alleged causes of action arising under a South Carolina statute and, therefore, it would be improper to allow a Georgia court jurisdiction over the subject matter of the case. Specifically, one of the Plaintiff's three causes of action, statutory liability, is based upon three South Carolina statutory sections that pertain to the wages the Plaintiff claims he is owed. One of the cited code sections would allow the Plaintiff to recover three times the amount due him, plus costs and possibly attorney's fees, if a court found the Defendant liable. S.C. CODE ANN. § 41-10-80 (2004).

Georgia law, the governing law under the Agreement, provides remedies for beach of contract, including damages which "arise naturally and according to the usual course of things from such breach and such as the parties contemplated." GA. CODE ANN. § 13-6-1 (2004). Also, Georgia law provides that a jury may allow litigation expenses "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. . . ." GA.

---

[4] Although the Lipcon opinion reviewed an international forum selection clause, it is still instructive.

CODE ANN. § 13-6-11 (2004).

Thus, while Georgia law may not specifically provide treble damages to the Plaintiff, it is apparent that the Plaintiff's potential remedies under Georgia law would be adequate and in no way "fundamentally unfair". See Lipcon, 148 F.3d at 1297. In fact, the Plaintiff never claimed Georgia law would be unfair; rather, he merely makes reference to the South Carolina code sections included in his complaint as proof that "[t]he Defendant's assertion of improper jurisdiction is unwarranted and without legal support."[5]

– *Public Policy of South Carolina*

In determining whether to grant the Defendant's motion, it must also be ascertained whether the public policy of South Carolina forbids or allows such clauses. See Atl. Floor Servs., 334 F. Supp. 2d at 877. This is so because "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." M/S Bremen, 407 U.S. at 15.

With respect to forum selection clauses, the public policy of South Carolina has, at least recently, centered around statutory interpretation. South Carolina Code § 15-7-120, adopted in 1990, states in pertinent part as follows:

> Notwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than as provided in this title and the South Carolina Rules of Civil Procedure for a similar cause of action, the cause of action alternatively may be brought in the manner provided in this title and the South Carolina Rules of Civil Procedure for such causes of action.



---

[5] The Plaintiff's Return to Motion to Dismiss, p. 1.

S.C. Code Ann. § 15-7-120(A).

– *South Carolina Decisions*

The South Carolina Court of Appeals has held that the applicability of this Code subsection was not limited to venue, even though it is contained in the venue chapter. Johnson v. Paraplane Corp., 460 S.E.2d 398, 400 (S.C. Ct. App. 1995), vacated on other grounds,[6] 468 S.E.2d 620 (S.C. 1996). In addition, the Paraplane decision held that, where a case was otherwise properly brought in a South Carolina court, "it may be brought there under S.C. Code Ann. § 15-7-120(A)" irrespective of whether a forum selection clause existed. Id. Thus, in the Paraplane case, the court refused to enforce the forum selection clause contained in the parties' agreement. The court did not, however, directly declare that enforcement of forum selection clauses is adverse to the strong public policy of the State of South Carolina.

It must be noted that South Carolina state courts have been willing, in some cases, to enforce forum selection clauses, thereby indicating they are not per se against the strong public policy of the state. South Carolina courts have held that such clauses "are prima facie valid and enforceable when made at arm's length by sophisticated business entities, absent a compelling reason for abrogation." Republic Leasing Co., 495 S.E.2d at 806; Security Credit Leasing, Inc. v. Armaly, 529 S.E.2d 283, 286 (S.C. Ct. App. 2000) (citing M/S Bremen). See Guardsmark Sec., 874 F. Supp. at 120; Sterling Forest Assoc. v. Barnett-Range Corp., 840 F.2d

---

[6] In vacating the Paraplane decision, the Supreme Court of South Carolina stated that "[s]ince [the trial court's] order is not directly appealable, we hereby vacate the opinion of the Court of Appeals." 468 S.E.2d at 620.

249, 251 (4th Cir. 1988), <u>abrogated</u> on <u>other grounds</u>, <u>Lauro Lines s.r.l. v. Chasser</u>, 490 U.S. 495, 497 (1989). More generally, South Carolina courts have held that

> [i]t is not the function of the courts to rewrite or torture the meaning of a contract. . . . In interpreting contracts, the foremost rule is to give effect to the intent of the parties, and in doing so, the court looks to the language of the contract. If the language is unambiguous, the language alone determines the contract's force and effect and courts must construe it according to its plain, ordinary, and popular meaning.

<u>Gray v. State Farm Auto Ins. Co.</u>, 491 S.E.2d 272, 274 (S.C. Ct. App. 1997). <u>See also</u> <u>Republic Leasing Co.</u>, 495 S.E.2d at 806; <u>Sphere Drake Ins. Co. v. Litchfield</u>, 438 S.E.2d 275, 277 (S.C. Ct. App. 1993).

– *District Court Decisions*

The United States District Court Judges within the District of South Carolina have disagreed with respect to the strong public policy of the State of South Carolina. Two District Court opinions have held that forum selection clauses are against the strong public policy of the state, see <u>Ins. Prods. Mktg.</u>, 176 F. Supp. 2d at 550; <u>Consol. Insured Benefits, Inc. v. Conseco Med. Ins. Co.</u>, 370 F. Supp. 397, 402 (D.S.C. 2004), while a third opinion has held that forum selection clauses are not against the strong public policy of the state. <u>Atl. Floor Servs.</u>, 334 F. Supp. 2d at 879-880.



The first of these three cases, <u>Ins. Prods. Mktg.</u> was decided in 2001, and was authored by Judge William O. Bertelsman, sitting by designation. In his opinion, Judge Bertelsman held that § 15-7-120 "represents the strong public policy of South Carolina" and therefore that the state disfavors automatically enforcing forum

9

selection clauses, preferring instead to "insulate South Carolina litigants from their effect." Ins. Prods. Mktg., 176 F. Supp. 2d at 550.

Three years later, in Atl. Floor Servs., Judge R. Bryan Harwell, disagreed with this interpretation. He stated that

> South Carolina's appellate courts have not suggested, much less declared, that forum selection clauses violate the public policy of the State. In fact, the courts have affirmed and recognized that these clauses are valid and enforceable. There is certainly evidence that forum selection clauses are not repugnant to South Carolina public policy. Thus, a finding that such clauses violate the strong public policy of South Carolina is not supported by decisions of its State Courts.

Atl. Floor Servs., 334 F. Supp. 2d at 879-880 (internal quotation marks omitted).

Moreover, in Atl. Floor Servs., Judge Harwell held that § 15-7-120(A) does not apply to interstate forum selection clauses:

> Judge Bertelsman relied entirely on the language of S.C. Code Ann. § 15-7-120(A). However, this reasoning is misplaced. Judge Bertelsman apparently accepted that the referenced statute applied to inter-state forum selection clauses. In fact, the referenced statute appears to apply to intra-state forum selection clauses. This referenced statute is the last section of the South Carolina Code chapter dealing with proper venue of actions brought in South Carolina State Courts. See S.C. Code Ann. § 15-7-10 to -120 ("Chapter 7"). This chapter deals exclusively with proper venue among the various counties in South Carolina, not whether venue would be proper in one state over another.



Atl. Floor Servs., 334 F. Supp. 2d at 879.

The following year, a third case, Consol. Insured Benefits, Inc., was decided by Judge Henry M. Herlong. In that opinion, Judge Herlong held that S.C. Code Ann. § 15-7-120(A) represented the strong public policy of the state and therefore

that out-of-state forum selection clauses were unreasonable. 370 F. Supp. 2d at 402. In doing so, Judge Herlong identified and explained his many disagreements with Judge Harwell's opinion in <u>Atlantic Floor</u>. Specifically, Judge Herlong found problematic the three cases Judge Harwell used to support his contention that "South Carolina's appellate courts have not suggested, much less declared, that forum selection clauses violate the public policy of the State." Judge Herlong wrote that one of the cases was decided before 1990, before the enactment of S.C. Code Ann. § 15-7-120, which rendered it meaningless in interpreting that statute. <u>Consol. Insured Benefits, Inc.</u>, 370 F. Supp. 2d at 401. He distinguished the other two cases by stating that they were inherently different from the case he decided. He wrote that

> the plaintiffs [in the other two cases] brought the cases in the forums <u>required</u> by the forum selection clauses, in Florida and in Massachusetts, respectively. . . . Accordingly, the South Carolina courts were not evaluating whether the plaintiff could bring the case in South Carolina, but instead whether the Florida and Massachusetts courts had jurisdiction and whether the resulting decisions should be upheld.

<u>Id</u>. (emphasis added). Judge Herlong was required to resolve a different issue, where the plaintiff had brought suit in a forum <u>other</u> than the one specified in the forum selection clause.

Judge Herlong also took issue with the limitation <u>Atlantic Floor</u> placed on S.C. Code Ann. § 15-7-120, whereby it held that the statute only applies to <u>intrastate</u> forum selection clauses. Judge Herlong wrote that the statute "does not expressly limit [South Carolina public policy] to intrastate or interstate forum selection clauses. Accordingly, the statute embodies a policy disfavoring all forum selection clauses.

11

. . ." Id. at 402. He also stated that the "context of the statute suggests that it applies to out-of-state forum selection clauses," and used S.C. Code Ann. § 15-7-120(B) to support his conclusion. Id. This subsection provides that "[a] provision in an arbitration agreement that arbitration proceedings must be held outside of this state is not enforceable with respect to a cause of action, which, but for the arbitration agreement, is triable in the Courts of this State." Judge Herlong subsequently concluded that "the provision's placement immediately following section 15-7-120(A) strongly suggests that the legislature did not intend section 15-7-120(A) to apply solely to intrastate forum selection clauses." Id.

Considering the level of disagreement among the United States District Judges, and that the two most potentially helpful cases, Paraplane and Republic Leasing, have been vacated for one reason or another, deciding South Carolina's public policy with respect to out-of-state forum selection clauses is a difficult task. Although it seems plausible, and maybe probable, that S.C. Code Ann. § 15-7-120(A) applies not only to venue, but to forum in general, and also to all forum selection clauses, and does represent the strong public policy of South Carolina, this Court must not neglect its responsibilities under Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). As the Fourth Circuit held in Burris Chem. v. USX Corp., 10 F.3d 243, 247 (4th Cir. 1993) "federal courts sitting in diversity rule upon state law as it exists and do not surmise or suggest its expansion."

Because the Supreme Court of South Carolina has not had occasion to interpret S.C. Code Ann. § 15-7-120(A) as it applies to out-of-state forum selection

clauses, this Court declines to presume that such clauses are adverse to the strong public policy of the state. In so doing, this Court follows the general rule of South Carolina, as discussed above, that "[i]t is not the function of the courts to rewrite or torture the meaning of a contract. . . ." Gray v. State Farm Auto Ins. Co., 491 S.E.2d 272, 274 (S.C. Ct. App. 1997). See also Republic Leasing Co., 495 S.E.2d at 806; Sphere Drake Ins. Co. v. Litchfield, 438 S.E.2d 275, 277 (S.C. Ct. App. 1993).

In this case, there is no dispute that the parties voluntarily entered into an agreement which contained a forum selection clause, and that the parties ostensibly read and understood the Agreement in general, and that clause specifically. Therefore, under these circumstances, enforcement of the forum selection clause would be fair and would honor a clause in the contract clearly and unequivocally accepted by the Plaintiff.

## CONCLUSION

Based on the foregoing, it is

ORDERED that the Defendant's Motion to Dismiss be granted;[7] and this action is ended.



---

[7] "Dismissal is an appropriate procedure when faced with a valid and enforceable forum selection clause that provides the case should be brought in another forum." Atl. Floor Servs., 334 F. Supp. 2d at 880. This is particularly true where the federal court has no authority to remand to the selected forum.

**IT IS SO ORDERED**.

_____
Sol Blatt, Jr.
Senior United States District Judge

August 2, 2005
Charleston, S.C.